IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: _____

JAMES LIBERO, JR., and
BARBARA G. LIBERO, individuals,

      Plaintiffs,

v.

THOR MOTOR COACH, INC.,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

      The Petitioner/Defendant, Thor Motor Coach (hereafter "Thor"), removes this action

from the Circuit Court in and for Duval County, Florida, under 28 U.S.C.A. §1441, *et seq.*  In

support, Defendant Thor states:

      1.     On or about September 23, 2016, Plaintiffs filed a Complaint against Defendant

in the Circuit Court in and for Duval County, Florida, Case No.: 16-CA-6189, seeking damages

and other relief allegedly arising out of the purchase, use, and ownership of a 2015 Thor Miramar

motor home/RV, hereafter "the Subject RV."  See, Complaint.

      2.     On September 28, 2016 Thor Motor Coach, Inc. was served with the Complaint.

This Notice Of Removal is timely filed within thirty (30) days thereafter.

      3.     The allegations in the Complaint are pled under a law of the United States, the

federal Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et. seq. ("Mag Moss Act").

Accordingly, this United States District Court has original jurisdiction of this claim, and removal

of it is proper pursuant to 15 U.S.C. § 1441(b). See, Neill v. Gulf Stream Coach, Inc., 966 F.

Supp. 1149 (M.D. Fla. 1997).

4.     As to federal question jurisdiction under 28 U.S.C. § 1331 and § 1441, the district

courts are vested with original jurisdiction over actions brought under the Mag Moss Act where "the

amount in controversy is [not] less than the sum or value of $50,000.00 (exclusive of interest and

costs) computed on the basis of all claims to be determined in this suit...".  15 U.S.C. § 2310(d)(1)

& (3).

5.     The amount in controversy in this action exceeds the requisite $50,000.00 threshold

for federal question subject matter jurisdiction in this court.  Attached to the Complaint as Exhibit

"A" is a copy of Plaintiffs' retail Purchase Contract, which lists the total retail purchase price of the

subject RV as "**$ 124,005.62"** a fully executed copy of which is attached here as Exhibit "A."

6.     Plaintiffs served a June 17, 2016 "Notice Of Revocation Of Acceptance" letter upon

Defendant, demanding "...revocation of the sales contract for the RV (including a payoff of the loan

and reimbursement of all payments..." in their **$ 124,005.62** retail purchase price. See, Exhibit "C"

attached hereto.  Consequently, based on Plaintiffs' revocation/refund demand, the amount in

controversy in this action exceeds the requisite $50,000.00 threshold for federal question subject

matter jurisdiction in this court.

7.     Pursuant to 28 U.S.C. §§ 1367 & 1441©, this Court has supplemental jurisdiction

over any other claims asserted in the Complaint.

8.     Defendant has timely removed this action pursuant to 28 U.S.C.A. §1446(b) and Fed.

R. Civ. P. 81© by filing this Notice Of Removal, so as not to waive its right to remove this action

to federal court.

9.      Defendant has contemporaneously served the Clerk of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, with a true and correct copy of the Notice Of Removal, pursuant to 28 U.S.C.A. §1446(b).

10.     Subject to the reservations in Paragraph 15 below, Removal is being filed in the Jacksonville Division, of the United States District Court for the Middle District of Florida because Jacksonville, Florida is where Plaintiffs originally, but improperly, venued this action, and is encompassed within the Jacksonville Division of the Middle District of Florida.

11.     As of this date, there are no pending motions which may require action by this Court. A true and legible copy evidencing all process, pleadings, orders, and other papers or exhibits of every other kind, including depositions, on file in the State Court action have been attached as Exhibit "D".

12.     The allegations set forth in this Notice Of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney, and have been made after reasonable inquiry.

13.     The undersigned counsel is the undersigned attorney of record for Defendant Thor and has been specifically authorized to act on its behalf in removing this case to the United States District Court, Middle District of Florida.

14.     The undersigned counsel is a duly licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Middle District of Florida.

15.     Defendant expressly reserves its objection to Plaintiffs' improper venue selection in Duval County, Florida.  Attached hereto as Exhibit "B" (and also Exhibit "B" to the Complaint) is a copy of the operative written Limited Warranty which Plaintiffs allege in Paragraph 11 of the

Complaint they "..received at the time of purchase," and which "were part of the basis of the bargain for the sale of the RV to Plaintiffs." <u>See</u>, Paragraphs 11 and 44 of the Complaint. Such written Limited Warranty expressly mandates, under the subcategory "LEGAL REMEDIES":

> ...ANY LEGAL ACTION TO ENFORCE WARRANTY RIGHTS AGAINST WARRANTOR MUST BE BROUGHT WITHIN THE STATE OF INDIANA...

Consequently, venue for this action belongs exclusively within the State of Indiana. Defendant specifically reserves its right to transfer venue from this court to the appropriate U.S. District Court in the State of Indiana.

WHEREFORE, the Petitioner/Defendant Thor hereby files this notice of removal and petitions this Court for the entry of an order removing this cause from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, and which further enjoins prosecution by the Respondents/Plaintiffs, James Libero, Jr. and Barbara G. Libero, in the Circuit Court proceedings below, and which further directs that the State Court action shall proceed no further.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _October 5_, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of

4

electronic filing to the following and via U.S. Mail to: Joshua T. Kaleel, Esq., 2124 Park Street,

Jacksonville, FL 32204; Josh@KaleelLawfirm.com.

W. SCOTT POWELL, ESQUIRE
Florida Bar Number:  798886
POWELL LAW, LLP
399 Carolina Avenue, Suite 100
Winter Park, FL  32789
(407) 647-5551
(407) 647-5553
Attorney for Defendants Thor
Spowell@powell-law.net