Filing # 46866857 E-Filed 09/23/2016 04:05:31 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

JAMES LIBERO, JR., an individual,
and BARBARA G. LIBERO, an individual,

CASE NO.:
DIVISION:

     Plaintiffs,

v.

THOR MOTOR COACH, INC.,

     Defendant.

_____/

### COMPLAINT AND JURY DEMAND

Plaintiffs, JAMES LIBERO, JR. and BARBARA G. LIBERO, by and through their undersigned counsel, hereby sue Defendant, THOR MOTOR COACH, INC., and allege the following:

### PARTIES AND JURISDICTION

1. Plaintiffs, JAMES LIBERO, JR. and BARBARA G. LIBERO ("Plaintiffs"), are individuals who were, at all times relevant hereto, residing in Duval County in the State of Florida.

2. Defendant, THOR MOTOR COACH, INC. ("Defendant") is a Florida corporation authorized to do business in the State of Florida, County of Duval, and is engaged in the manufacture, sale, and/or distribution of Recreational Vehicles and related equipment and services by way of Defendant's authorized sales and service providers.

3. Defendant is also in the business of marketing, supplying and providing written warranties to consumers who purchase Defendant's products through its authorized sales and service providers.

4. Defendant has authorized sales and service providers located in and around Duval

County, which Defendant reimburses or pays to perform warranty repairs pursuant to Defendant's various warranties.

5.     This is an action seeking damages in excess of $15,000.00, exclusive of attorneys' fees and court costs.

## GENERAL ALLEGATIONS

6.     On or about June 17, 2015, Plaintiffs purchased a 2015 Thor Miramar 34.2 Recreational Vehicle bearing VIN: 1F66F5DY0F0A02509 ("RV"), manufactured and warranted by Defendant, from General RV Center in Orange Park, Florida ("Seller").

7.     The price of the RV, including all collateral charges, registration charges, document fees, sales tax, bank charges and finance charges, totaled approximately $121,957.80. See Purchase Agreement attached hereto as Exhibit "A".

8.     Plaintiffs aver that as a result of the ineffective repair attempts made by Defendant, through its authorized sales and service providers, the RV contains numerous unrepaired manufacturing defects and cannot be utilized for personal, family and/or household use.

9.     Defendant advertised products to consumers with the intent of encouraging consumers, including Plaintiffs, to purchase Defendant's products from one of Defendant's authorized sales and service providers.

10.     The Defendant's authorized sales and service providers are contractually authorized to sell Defendant's products, including the RV, and to provide Defendant's written warranties to consumers.

11.     Defendant issued written warranties for the RV ("factory warranty"), which Plaintiffs received at the time of purchase. See Thor Motor Coach's Limited Warranty, attached hereto as Exhibit "B".

12. On or about June 17, 2015, Plaintiffs took possession of the RV and shortly thereafter experienced the various defects which substantially impaired the use, value and safety of the RV.

13. Plaintiffs contend that the travel trailer suffers from various defects and nonconformities covered by Defendant's warranties, including but not limited to:

a. Gaps and voids in windshield and clearance lights, allowing water to enter RV (after first repair/reinstallation of windshield, it was discovered that the windshield gasket was improperly installed);

b. No lock on bathroom door;

c. Shower leaks into bathroom and into living area (voids in sealant);

d. "Auto-Level" feature does not function properly (system out of calibration);

e. Dash radio does not function properly;

f. Back up camera does not function properly;

g. Unable to enter bathroom from front of RV when sofa bed pulled out;

h. Retractable entry steps do not function properly;

i. Dinette wall sconce broken/coming apart;

j. Wardrobe closet to left of W/D is hotter than the other side of the closet;

k. Slide seal on sliding portion of RV hanging down along with wiring;

l. Banging noise from top of sliding portion of RV when driving;

m. Heavy LP odor inside and outside of RV;

n. Unfinished half panel under gallery cabinet;

o. Battery compartment door does not lock securely;

p. 12V outlet in dash does not function;

q. USB charger on dash does not function;

r.  TV antenna handle fell apart;

s.  Right dash A/C vent does not function;

t.  Shower leak still present (first repair of this issue was performed incorrectly);

u.  Slide topper holds water and runoff from A/C;

v.  Bathroom cabinet knob stripped (turns);

w.  Entry steps still not functioning properly (first repair of this issue was performed improperly);

x.  Awning cover fell apart;

y.  Awning in owner's manual does not match the awning on the RV (owner's manual shows different controls);

z.  Rear compartment door leaks and runs inside of door from top seal;

aa.  LCI remote does not operate awning, leveling system or porch light;

bb.  Back up camera does not work when RV is in reverse;

cc.  Back up monitor comes on by itself and video flickers when on rough roads;

dd.  LCI auto level does not operate properly, cannot level individual jacks manually;

ee.  Rear compartment door leaks and runs down inside of door from top seal (first repair of this issue was performed improperly);

ff.  Center back up camera does not work while RV is in reverse (first repair of this issue was performed improperly);

gg.  LED lights on awning do not work;

hh.  Continuing issues with the retractable sides;

ii.  Seal on passenger side window is falling down;

jj.  Procedure for retracting awning has changed since the RV was purchased;

kk.  Outside kitchen door ruined by water damage, replaced by General RV, new door has several pitted areas on the surface; General RV would not repair;

ll.     Ongoing issues with entry steps;

mm.   Retractable awning still not functioning properly (RV wired incorrectly on numerous occasions);

nn.    Yet another issue with the retractable sides (RV wired incorrectly on numerous occasions);

oo.    LED lights sticking to the awning (when LED lights were replaced, General RV glued them to the awning);

pp.    Ongoing issues with substantial water intrusion via the windshield (repaired at least three times, all of which were unsuccessful);

qq.    Any additional defects in the RV as reflected in the repair documents generated by Defendant's authorized sale and service providers and in Defendant's internal repair records for the RV.

14.    Plaintiffs delivered the RV to Defendant's authorized sales and service providers seeking warranty repairs on not less than 11 different occasions within the first 11 months of ownership, with many of the same defects being subject to repair on numerous occasions.

15.    Furthermore, following at least three failed attempts by Defendant's service provider to repair the RV's leaking windshield, the windshield continues to suffer from substantial leaks and the RV as a whole continues to experience substantial electrical issues as a result of the leaking windshield.

16.    Plaintiffs provided Defendant, through its authorized sales and service providers, more than sufficient opportunities to repair the RV.

17.    Plaintiffs contend that Defendant and its authorized sales and service providers have been unable or unwilling to remedy the defects in the RV in accordance with the terms of Defendant's written warranties.

18.    Plaintiffs have provided Defendant with notice of the breach of Defendant's written warranties and a reasonable opportunity to cure the same.

19.    The limited remedy contained within Defendant's written warranty covering the

RV has failed of its essential purpose entitling Plaintiffs to seek any remedy available at law.

20.     Plaintiffs have justifiably lost confidence in the RV's safety and reliability, and said defects have substantially impaired the use, value and safety of the RV to Plaintiffs.

21.     Said defects could not have reasonably been discovered by Plaintiffs prior to Plaintiffs' acceptance of the RV as the RV was sold as brand new.

22.     Pursuant to the terms of Defendant's written warranty, Defendant designated its authorized sales and service providers as the entities to receive notice of defects in the RV for purposes of performing warranty repairs on the RV.

23.     Defendant was further notified of the defects in the RV as a result of Defendant's approval of warranty claims and reimbursement to its authorized sales and service providers for same.

24.     As a result of these defects, and Defendant's failure to fully and timely repair same, Plaintiffs notified Defendant of the defects, in writing, prior to filing the instant lawsuit.

25.     Plaintiffs have been, and will continue to be, financially damaged due to Defendant's failure to comply with the provisions of its written warranty.

26.     While Seller provided Plaintiffs with a general description of the written warranty, and said warranty was part of the benefit of the bargain, Seller did not review any of the potential limitations of damages with Plaintiffs.

27.     Plaintiffs were not provided with a copy of the written warranties for the RV, nor was a copy of the written warranty offered to Plaintiffs for review, until after Plaintiffs took delivery of the RV.

28.     The terms of Defendant's written warranty are non-negotiable.

29.     The written warranty provided by Defendant was not executed by Plaintiffs, nor

did Plaintiffs execute any document indicating that Plaintiffs understood or agreed to the terms and conditions of Defendant's written warranty.

30.     The purported disclaimer of incidental and consequential damages is not contained on the first page of the text of Defendant's warranty booklet and is not specifically mentioned in the table of contents.

31.     Neither Seller nor Defendant requested that Plaintiffs execute any documents specifically indicating or acknowledging that Defendant sought or intended to disclaim liability for incidental and consequential damages as a result of any breach of Defendant's written warranty.

32.     As a result of the foregoing, Defendant's   disclaimer   of   incidental   and consequential damages contained in the written warranty is unconscionable.

33.     Plaintiffs have been forced to retain the services of the undersigned law firm in order to enforce their rights under Defendant's Warranty, Florida law and Federal law, and have agreed to pay it a reasonable fee therefore.

**COUNT I**
**BREACH OF WRITTEN WARRANTY**
**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT**

34.     Plaintiff re-alleges and incorporates by reference paragraphs 1-33 of this Complaint, as though fully set forth herein.

35.     The RV is a product intended primarily for personal, family, or household use.

36.     The RV was manufactured, sold and purchased after July 4, 1975.

37.     The RV was sold for more than ten dollars ($10.00).

38.     Defendant is a party engaged in the business of making a consumer product available to Plaintiffs.

39.     Seller is an authorized sales and service provider for Defendant who performs

repairs under Defendant's written warranties on Defendant's behalf.

40. Plaintiffs' purchase of the RV included Defendant's factory warranty covering defects in material or workmanship, comprising an undertaking in writing to repair or replace defective parts, or take other remedial action, free of charge to Plaintiffs in the event the RV suffered from defects in factory workmanship or materials, as set forth in Defendant's written warranty.

41. Plaintiffs received the RV during the duration of periods applicable to Defendant's written warranties covering the RV.

42. Plaintiffs are entitled by the terms of Defendant's written warranties covering the RV to enforce the obligations of said warranties against Defendant.

43. The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section 2301, *et. seq.* ("MMWA") is applicable to Defendant's Warranty covering the RV, and Plaintiffs' claims thereunder.

44. Defendant's written warranties were part of the basis of the bargain for the sale of the RV to Plaintiffs.

45. Defendant offers written warranties covering its products in order to provide consumers with peace of mind in purchasing Defendant's products, which aides its authorized sales and service providers in the sale of Defendant's products.

46. Plaintiffs' purchase of the RV was induced by, and Plaintiffs relied upon, Defendant's written warranties covering the RV.

47. Plaintiffs have satisfied all conditions precedent to the initiation of this action, or compliance with or the satisfying of said conditions precedent have been waived or rendered impossible by Defendant.

48.     As a direct and proximate result of Defendant's failure to comply with the terms and conditions of the written warranty covering the RV, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. § 2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

49.     If Plaintiffs are determined to be the prevailing on the instant claim, Plaintiffs are entitled to recover reasonable attorneys' fees and costs from Defendant related to the prosecution of this claim.

**WHEREFORE**, Plaintiffs, JAMES LIBERO, JR. and BARBARA G. LIBERO, pray for entry of a judgment awarding damages against Defendant, THOR MOTOR COACH, INC., for:

a.     Diminution in value of the RV;
b.     Out of pocket cost of prior repairs related to warrantable items;
c.     Cost of future repairs;
d.     Incidental Damages;
e.     Consequential Damages;
f.     Pre-Judgment Interest;
g.     Post Judgment Interest;
h.     Reasonable attorneys' fees;
i.     Taxable costs; and,
j.     Such other and further relief that the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted this 23rd day of September, 2016.

KALEEL LAW, LLC

**Joshua T. Kaleel, Esq.**
Florida Bar No. 50899
2124 Park St.
Jacksonville, Florida 32204
Telephone:     (904) 683-8823
Facsimile:     (904) 485-8987
Primary email: Josh@KaleelLawfirm.com
Counsel for Plaintiffs